**MOORE, Plaintiff-Appellee, v. S. L. GRUNDSTEIN & SONS, INC. et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4567. Decided October 2, 1952.

John P. Moloney, Columbus, for plaintiff-appellee.
Benjamin F. Levinson, Columbus, for defendants-appellants.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court rendered upon the verdict of a jury. The action was for damages arising out of a collision between an automobile owned by the plaintiff, and a truck, by the defendant. It appears that the plaintiff's car was struck in the rear while stopped at a street intersection in the center lane of traffic prepared to make a left turn but was unable to do so because of the approaching traffic. The defendant was charged with the following acts of negligence:

1. In failing to keep its vehicle under control.

2. In failing to stop or swerve said vehicle to avoid a collision.

3. In failing to sound the horn or give other warning that said vehicle was approaching.

The answer is a general denial and alleges further that any injuries suffered by the plaintiff were caused by his own negligence.

On the issues joined the jury returned a verdict for the plaintiff in the sum of $2000.00 for which judgment was rendered.

The first error assigned is that the judgment is against the manifest weight of the evidence. We have examined the

entire record and find that there was a conflict in the testimony. The plaintiff's evidence tended to establish that while the plaintiff's automobile was parked properly preparatory to making a left-hand turn, it was struck in the rear by the defendant's truck. These facts are denied by the defendant and evidence was offered supporting its theory of the case, to wit, that the plaintiff's automobile passed the defendant's truck on the left, then suddenly stopped in front of it in such a manner that the driver of the truck could not avoid the collision. We think that the testimony favorable to the plaintiff was clearly sufficient to support the verdict. It is a well established rule that a reviewing court will accept the determination of the fact-finding entity, be it jury or court, unless it is so manifestly against the weight of the evidence as to shock the conscience to permit it to stand.

It is next urged that the damages were excessive having been given under the influence of passion and prejudice. We find nothing in the record to support this charge. An examination thereof reveals that the damages consisted of injuries to property and person and that the same were substantial. It does not appear that the award is out of proportion to the compensation to which the plaintiff is entitled. A verdict will be disturbed only when it is so grossly out of proportion as to clearly indicate that it had its source in the passion or prejudice of the jury. **Lucente v. Philipedes, 46 Abs 41.**

We find the Court did not err in overruling the appellant's motion for a directed verdict. Neither did it err in the general charge to the jury. It is urged that the Court should have charged on the assured clear distance ahead statute and that its failure to do so constituted prejudicial error. It will be noted that the violation of this statute is not set forth in the petition as one of the specifications of negligence. The record discloses that no special request was made at any time for the Court to charge on this statute and no general exception was taken to the charge. If any error was committed it would be one of omission and not commission and therefore not reviewable. **State v. McCoy, 88 Oh St 447; 2 O. Jur. (Pt. 2) 1394, Section 746.**

Finding no prejudicial error in the record the judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.